FILED UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION



| | |
|---|---|
| **Hanzhou Zhu,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**ShenZhenShiZhiYaoWangLuoKeJiYouXianGongSi a/k/a IWMH-US,**<br><br>　　　　**Defendant.** | Civil Action No. 3:25cv414 |

## VERIFIED COMPLAINT

Plaintiff Hanzhou Zhu ("Plaintiff"), by his undersigned counsel, alleges as follows for his Complaint against Defendant ShenZhenShiZhiYaoWangLuoKeJiYouXianGongSi a/k/a IWMH-US ("Defendant").

### THE NATURE OF THIS ACTION

1. Plaintiff brings this action against Defendant pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Design Patent No. D1,041,219 S ("the 'D219 Patent,") entitled "Coffee Table," which was issued by the U.S. Patent and Trademark Office on September 10, 2024. The 'D219 Patent protects an ornamental design for a coffee table, shown in the claim of Figures 1-8 of the 'D219 Patent. A true and correct copy of the 'D219 Patent is attached as Exhibit A.

### THE PARTIES

2. Plaintiff is an individual residing in Zhejian, China. Plaintiff is the sole inventor

FILED UNDER SEAL

and owner of the 'D219 Patent with the right to enforce its claim. Plaintiff sells, through a licensee in the United States based in Colorado, coffee tables on Amazon.com and other channels that are made according to the claim of the 'D219 Patent.

     3.     The Defendant is believed to be a company or a business association which, upon information and belief, resides in a foreign jurisdiction, namely China. Defendant sells infringing products ("Accused Products") on the Amazon.com platform to consumers in the United States and in Virginia through interstate commerce. Defendant's counterfeit products infringe the 'D219 Patent and are in direct competition with Plaintiff's patented Coffee Table. Since the Amazon.com retail platforms does not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true name, identity, and address of the Defendant are currently unknown.

     4.     Defendant conducts its operations through fully interactive commercial websites hosted on the Amazon.com Internet retail platforms' storefront webpages ("Infringing Webstore"). The Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Accused Products that practice the claim of the 'D219 Patent to consumers within the United States, including the State of Virginia and the Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district.

     5.     Through its operation of the Infringing Webstores, Defendant is directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged,

FILED UNDER SEAL

oftentimes as partners and/or suppliers. On information and belief, Defendant may intentionally or otherwise conceal its identity and the full scope of its infringing operation in an effort to deter Plaintiff from learning Defendant's true identity and the exact interworking of Defendant's infringing acts.

6. A Defendant from outside the United States has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

8. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

9. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into commerce in the United States and this district and under the Federal Long Arm Rule, FRCP 4(k)(2):

(k) Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a

FILED UNDER SEAL

case against a non-U.S. based Defendant as well as any judicial district in any state to which it is subject to personal jurisdiction.

11. This Court has personal jurisdiction over Defendant and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendant because Defendant is a non-U.S. entity, located in China, and has minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in Virginia, including by providing Accused Products and services to the residents Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendant knew the Accused Products would be used within Virginia, and has solicited business from the residents of Virginia using the Amazon.com e-commerce platform.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff owns and operates a well-known company in the industry that focuses on the design, research and development, production, sales and service of Coffee Tables. It focuses on the research and development of new products, continuously updates new models, owns multiple patents.

13. Plaintiff's commercial coffee table product that is protected by the 'D219 Patent is the result of significant investment and resources on the R&D design and commercial production. The research and development result of Plaintiff's commercial "coffee table"

FILED UNDER SEAL

device sold under the 'D219 Patent is an attractive design for a coffee table and its popularity attracts a counterfeiter like the Defendant.

14. Plaintiff develops, markets, sells and distributes his patented products under the 'D219 Patent through his own company and through a licensee in the United States. Plaintiff's patented design has been the subject of substantial and continuous marketing and promotion. Plaintiff has and continues to widely market and promote the patented products in the industry and to consumers. By way of example, but not limitation, they are promoted, marketed and sold on Plaintiff's authorized sellers' websites, social media sites, and on the Amazon platform.

15. Among the purchasing public, Plaintiff's patented products are instantly recognizable as such and are known for their distinctive patented design. This design is well recognized by consumers.

16. Out of consideration for the ornamental value of the coffee table, the Plaintiff applied a more attractive shape to its design, which consumers could recognize and remember as unique for a coffee table by providing a visually pleasing appearance. For example, after browsing the product, a consumer can quickly remember this coffee table because of its unique shape.

17. Plaintiff also invested valuable resources into the original production process of the coffee table. The production process of this product includes the collection of relevant technical information, design ID, mold opening, sampling, drawing data formulation, operation standard formulation, and effective control and verification of the product design process to ensure that the product design is carried out under a controlled state and that the product design quality meets the user's (explicit and potential) requirements. Based on the above, the product has become popular in the domestic and foreign markets as soon as it was launched on the

FILED UNDER SEAL

market. The patented coffee table is distributed and supplied through, and has a considerable market share and popularity on, major platforms such as Amazon.com, International Station, Taobao, Tmall, Xiaohongshu, Douyin, Kuaishou, etc.

18. Specifically related to this action, Plaintiff applied for the 'D219 Patent in the U.S. for which one embodiment protects the ornamental aspects of its commercial coffee table. Plaintiff also directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), coffee tables that are commercial embodiments made under the 'D219 Patent. As a result of the success of Plaintiff's Products, Defendant has flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed the Defendant to import, offer to sell, or sell products made according to the claim of the 'D219 Patent.

19. Plaintiff maintains quality control standards for all of its products sold under the 'D219 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's coffee tables via legitimate webstores represented a significant portion of Plaintiff's business.

20. Upon information and belief, the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce platforms. For example, seller on Amazon.com purchases Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

**THE PATENT**

FILED UNDER SEAL

21.     On September 10, 2024, United States Patent No. D1,041,219, entitled "Coffee Table" was duly and legally issued by the United States Patent and Trademark Office from Application No. 29/927,483, filed on February 5, 2024. The 'D219 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the 'D219 Patent and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the 'D219 Patent. The Defendant is not licensed to the 'D219 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the 'D219 Patent whatsoever.

22.     The 'D219 Patent is presumed valid under 35 U.S.C. § 282.

23.     The claim of the 'D219 Patent is directed to a coffee table. The Accused Products infringe the clam of the 'D219 Patent, as set forth below and in the claim chart attached as Exhibit C. Representative Figure 1 of the 'D219 Patent is shown below:



FIG.1

**INFRINGEMENT**

24.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D219 Patent

FILED UNDER SEAL

by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products. Defendant's infringing products include at least coffee tables made according to the 'D219 Patent. An exemplary figure from an attached claim chart shows the coffee table sold by the Defendant on Amazon.com:



25. Exhibit B includes exemplary claim charts of Accused Products from Defendant that infringe the 'D219 Patent as well as and examples that demonstrate the correspondence of the Accused Products with elements of claim 1 of the 'D219 Patent. The chart is submitted to show that the ornamental designs of the Defendant include similar claimed components. Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

26. Defendant has infringed, and continue to infringe, claim 1 of the 'D219 Patent under 35 U.S.C. § 271(a) making, using, offering to sell, selling and/or importing into the United States, devices for coffee tables, which infringe the asserted claim, in the United States. Defendant continues to manufacture, use, offer to sell, sell, and import Accused Products.

27. The Accused Products are infringing devices and thus directly infringe 'D219

FILED UNDER SEAL

Patent claim.

28. The 'D219 Patent claim is also infringed under 35 USC § 271(a) when an accused product is "used" by Defendant as a coffee table.

29. Upon information and belief, Defendant has directly infringed the claim of the 'D219 Patent under 35 USC §271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States.

30. Defendant does not have a license or authority to import, make, use, offer to sell, or sell goods under the 'D219 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations.

31. Plaintiff has marked Products sold under his patent with notices of the 'D219 Patent.

32. As a result of Defendant's infringement of the 'D219 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

33. Defendant, without authorization or license from Plaintiff, continues to infringe the claim of the 'D219 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. The Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, Defendant has sold Accused Products into the United States, including Virginia. The Defendant is continuing to offer to sell and sell Accused Products at least via Amazon.com.

FILED UNDER SEAL

34.     The Defendant has been willfully infringing the 'D219 Patent since at least as early as it became aware of the 'D219 Patent. On information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued its knowing infringement.

35.     Many sellers on Amazon.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the false identities as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled. Upon information and belief, Defendant concealed its identity and will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the 'D219 Patent unless preliminarily and permanently enjoined.

36.     Plaintiff has no adequate remedy at law.

### COUNT ONE
### INFRINGEMENT OF UNITED STATES Patent No. D1,041,219
### (35 U.S.C. § 271)

37.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

38.     Plaintiff is the owner of the 'D219 Patent, with all substantive rights in and to that patent, including the sold and exclusive right to prosecute this action and enforce the 'D219

FILED UNDER SEAL

Patent against infringers, and to collect damages for all relevant items.

39. Defendant has, either alone or in concert, infringed directly or by the doctrine of equivalents, and continue to directly infringe, claim 1 of the 'D219 Patent by making, using, offering to sell, selling and importing the Accused Products in the United States in violation of 35 U.S.C. § 271(a).

40. As evidenced in the claim charts of Exhibit B, the designs of Defendant's Accused Products are substantially the same as the design of the 'D219 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Accused Products believing it to be substantially the same as the design protected in the 'D219 Patent.

41. As a result of Defendant's infringement of the 'D219 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

42. Defendant will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the 'D219 Patent unless preliminarily and permanently enjoined. Plaintiff is entitled to relief under 35 U.S.C. § 289.

43. The Defendant has infringed the 'D219 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

FILED UNDER SEAL

## PRAYER FOR RELIEF

For a judgment declaring that Defendant has infringed the 'D219 Patent;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §350, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the 'D219 Patent in an amount to be determined at trial;

For a judgment and order awarding the extent of each Defendant's total profit;

For a judgment declaring that the Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claim of the 'D219 Patent in connection with the distribution, advertising, offer for sale, and/or sale of merchandise that are not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendant's Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff, to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

FILED UNDER SEAL

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendant could continue to sell Accused Products infringing the 'D219 Patent;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

FILED UNDER SEAL

Date: May 30, 2025

Respectfully submitted,

/s/   Kendal M. Sheets

Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: *Hanzhou Zhu*

**Hanzhou Zhu**